JONATHAN A. STIEGLITZ
(SBN 278028)
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Tel: (323) 979-2063
Fax: (323) 488-6748
Email: jonathan.a.stieglitz@gmail.com

Yitzchak Zelman, Esq.,
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Tel:     (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@marcuszelman.com
Attorneys for Plaintiff
*Pro Hac Vice Motion To Be Filed*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA**

| KEVIN PEREZ, | Civil Case No.: |
|---|---|
| Plaintiff, | |
| -against- | **CIVIL ACTION** |
| | **COMPLAINT** |
| | **and** |
| | **JURY TRIAL DEMAND** |
| RASH CURTIS & ASSOCIATES formerly known as CREDIT BUREAU OF UKIAH, | |
| Defendant. | |

Plaintiff KEVIN PEREZ (hereinafter, "Plaintiff"), a California resident, brings this complaint, by and through the undersigned attorneys, against Defendant RASH CURTIS & ASSOCIATES formerly known as CREDIT BUREAU OF UKIAH ("Defendant"), for its violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 et seq. ("RFDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. Similarly, one of the purposes of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 is to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this civil action under 28 U.S.C. § 1331, 15 U.S.C. § 1692, 15 U.S.C. § 1681 and 47 U.S.C. § 227The Court also has pendent jurisdiction over the RFDCPA state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this action against Defendant for its widespread disregard for the Plaintiff's rights as a consumer.  Specifically, the Plaintiff got divorced in 2014.  However, even though Plaintiff is not responsible for his ex-wife's medical bills, the Defendant has been harassing the Plaintiff in an incessant campaign aimed at obtaining payment on these medical debts.  In doing so, the Defendant (1) disregarded Plaintiff's repeated requests to cease contacting him, (2) failed to notate Plaintiff's disputes on the Plaintiff's credit report when reporting the Plaintiff's debt to the consumer reporting agencies, (3) and used auto-dialed calls, prerecorded messages and automated text messages to harass the Plaintiff, even after the Plaintiff told the Defendant to stop calling him.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of Cottonwood, California in Shasta County, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant is a collection agency with its principal office located at 190 S. Orchard Avenue, A200, Vacaville, California 95688.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

13. In 2014, the Plaintiff got divorced from his wife.

14. As part of the divorce decree, the parties divided their assets and liabilities, with each party solely responsible for their own medical bills.

15. The medical debts that the Defendant was seeking to collect are "debts" as that term defined by 15 U.S.C.§ 1692a(5).

16. Defendant contends that these medical debts are past due.

17. Throughout the past four years, the Defendant has been calling the Plaintiff's cellular phone seeking to collect on his medical bills, as well as his ex-wife's medical bills which Plaintiff is not responsible or liable for.

18. Defendant used an automated telephone dialing system to place these relentless calls to the Plaintiff's cellular phone number of (707) 513-3494.

19. Plaintiff is the sole regular and customary user of the cellular phone number of (707) 513-3494.

20. Defendant's use of an automated telephone dialing system was clearly indicated by (1) the same pattern of two calls per day placed to the Plaintiff's

cellular phone, day after day, (2) silence when the Plaintiff would answer the phone, and (3) the usage and placement of prerecorded messages after the Plaintiff would answer the phone.

21. Defendant's usage of an automated telephone dialing system was also indicated by the placement of identical, automated, text messages to the Plaintiff's cellular phone, which would state:

> "Hello, this is an attempt to collect a debt.  Please call our office at 888-249-8095.  Ref # XXXX5007.  Sincerely, Rash Curtis & Asso.  Reply STOP to opt out".

22. On numerous occasions, including in September of 2017, the Plaintiff requested that the Defendant stop calling him, advised the Defendant that he was not responsible for his wife's debts, and that he would not pay the Defendant until the Defendant separated the Plaintiff's bills from those of his ex-wife.

23. Despite multiple requests for these calls to stop, the Defendant's relentless calls and messages continued unabated.

24. Plaintiff repeatedly disputed, with Defendant directly, that he owed any money as a result of his ex-wife's medical debts.

25. Defendant instead insisted that the Plaintiff was responsible to pay the amounts owed by his ex-wife for her medical bills.

26. Despite the numerous times that Plaintiff disputed that he was responsible to pay his ex-wife's medical bills, the Defendant never notified the consumer reporting agencies that these debts were disputed by the Plaintiff when the Defendant would report these accounts to the consumer reporting agencies.

27. As a result of the Defendant's flagrant violations of his substantive statutory rights, the Plaintiff has been harmed.  Plaintiff has been harassed and annoyed by the Defendant's incessant calls.  Moreover, Plaintiff's credit file

with the consumer reporting agencies wrongly does not notify credit grantors viewing the Plaintiff's credit report that these medical debts are disputed.

# COUNT I

## (Violations Of The Fair Debt Collection Practices Act)

28. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

29. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

30. Pursuant to 15 USC §1692d(5), a debt collector is prohibited from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

31. Defendant violated 15 USC §1692d(5) by calling the Plaintiff twice a day, every day, for weeks on end, even after the Plaintiff told the Defendant that he would not pay any money for his ex-wife's debts that he was not responsible for.

32. Pursuant to 15 USC §1692e(8), a debt collector is required to communicate that a disputed debt is disputed, when reporting that debt to the consumer reporting agencies.

33. Defendant violated 15 USC §1692e(8) when it repeatedly reported to the consumer reporting agencies that the Plaintiff was responsible for his ex-wife's medical debts, without ever notifying the consumer reporting agencies that the Plaintiff disputed being responsible for these accounts.

34. Pursuant to 15 USC §1692e(10), a collection agency is prohibited from

using any false, deceptive or misleading means to collect a debt.

35. Defendant violated 15 USC §1692e(10) when it insisted to Plaintiff that the Plaintiff was still responsible to pay his ex-wife's medical debts, when he clearly is not.

36. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff was harmed.

37. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to 15 USC § 1692k.

## COUNT II

### (Violations Of The Rosenthal Fair Debt Collection Practices Act)

45. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

46. Cal. Civ. Code §1788.17 mandates that every person or entity collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq.

47. As set forth above, Defendant violated 15 U.S.C. § 1692d(5) by calling the Plaintiff twice a day, every day, for weeks on end, even after the Plaintiff told the Defendant that he would not pay any money for his ex-wife's debts that he was not responsible for.

48. Cal. Civ. Code §1788.11(d) similarly prohibits debt collectors from causing a telephone to ring repeatedly or continuously to annoy the person called.

49. Cal. Civ. Code §1788.11(e) further prohibits debt collector from

communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.

50. As set forth above, Defendant violated 15 U.S.C. § 1692e(8) by repeatedly reporting to the consumer reporting agencies that the Plaintiff was responsible for his ex-wife's medical debts, without ever notifying the consumer reporting agencies that the Plaintiff disputed being responsible for these accounts.

51. As set forth above, Defendant violated 15 U.S.C. § 1692e(10) by making a false representation and using deceptive and misleading means to collect a debt.

52. As such, Defendant violated the foregoing provisions of the FDCPA and RFDCPA.

53. As a result of the Defendant's violations of the FDCPA and RFDCPA, the Plaintiff was harmed.

54. As a direct and proximate result of Defendant's violations of the RFDCPA and FDCPA, Plaintiff was harmed, and may recover from Defendant one thousand dollars ($1,000.00) in statutory damages in addition to actual damages and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30.

## COUNT III
### (Violations Of The TCPA)

55. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

56. As set forth above, the Defendant repeatedly placed auto-dialed calls, pre-recorded messages and automated text messages to the Plaintiff's cellular phone number of (707) 513-3494.

57. The Plaintiff never gave the Defendant his prior, express permission to call his cell phone via the use of an automated telephone dialing system, pre-recorded message or automated text message.

58. Furthermore, Plaintiff repeatedly told the Defendant to stop calling his cellular phone.

59. Nevertheless, Defendant ignored these instructions and the calls and messages continued unabated.

60. By placing auto-dialed calls, prerecorded messages and automated text messages to the Plaintiff's cell phone, the Defendant violated 47 USC §227(b)(A)(iii) which prohibits using any automated telephone dialing system or an artificial prerecorded voice to any telephone number assigned to a cellular telephone service when calling to the plaintiff's cell phone.

61. Defendant's calls and prerecorded messages called and/or directed towards the Plaintiff were further in willful violation of the TCPA, because the Defendant knew that the Plaintiff had told it to stop calling him and that they did not have the Plaintiff's consent to place these calls and messages.

62. As a result of Defendant's violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

63. As a result of Defendant's violations of 47 U.S.C. § 227(b) *et seq*. Plaintiff is entitled to an award of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)3.

64. As a result of Defendant's willful violations of 47 U.S.C. § 227(b) *et seq*. Plaintiff is also entitled to an award of treble damages $1,500.00 for each and every willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)3.

## DEMAND FOR TRIAL BY JURY

65. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant as follows:

    A. For mandatory statutory damages of $500 each provided and pursuant to 47 USC §227(c)(2)(G)(3)(B), for all calls placed to the Plaintiff's cellular phone;

    B. Plaintiff requests enhanced trebled damages of $1,500 to be awarded to the Plaintiff per call, in accordance with the TCPA, for the Defendant's willful violations of the TCPA;

    C. Plaintiff requests actual and statutory damages, along with attorneys' fees and costs, for the Defendant's violations of the RFDCPA and FDCPA.

    D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: December 20, 2018

    /s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Ste. 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

**PRO HAC VICE MOTION TO BE FILED**
Yitzchak Zelman, Esq.
Marcus & Zelman, LLC
701 Cookman Avenue - Suite 300
Asbury Park, NJ 07712
Office:    (732) 695-3282
Fax:       (732) 298-6256
Email:     yzelman@MarcusZelman.com
Website:  www.MarcusZelman.com
*Attorneys for the Plaintiff*